**George HEIN, Plaintiff,**

v.

**SHIPP IMPLEMENT COMPANY, Defendant.**

**Civ. No. 80–4147.**

United States District Court, S. D. Illinois.

Nov. 7, 1980.

John Womick, Anna, Ill., for plaintiff.

Paul M. Caldwell, Benton, Ill., for defendant.

**ORDER**

FOREMAN, Chief Judge:

Now before this Court is defendant's Motion to Dismiss for Lack of Jurisdiction Over the Person or in lieu thereof to quash the return of summons served on John Shipp, the President of Shipp Implement Company, on April 29, 1980.

Plaintiff, George Hein, is an individual residing in Dongola, Illinois. Mr. Hein, apparently, is a marketing representative for the Sprayrite Manufacturing Company, Inc., of West Helena, Arkansas. The defendant, Shipp Implement Company, is a corporation organized under the laws of the State of Kentucky, with its principal place of business in Russellville, Kentucky.

Plaintiff brings this action to collect $28,453.12, plus interest, allegedly due plaintiff from defendant. The manner in which the

debt arose will be discussed in greater detail below.

Plaintiff seeks to base jurisdiction on diversity of citizenship, 28 U.S.C. § 1332. Rule 4(e) of the Federal Rules of Civil Procedure provides that federal courts follow state rules regarding the assertion of *in personam* jurisdiction over non–residents to the extent such rules are consistent with due process. Defendant has moved to dismiss on the grounds that it has not "transacted business" within the State of Illinois within the meaning of the Illinois Longarm Statute,[1] and that a determination that this Court has personal jurisdiction over it would offend due process of law in that the defendant has not had the requisite "minimum contacts" with this forum.[2] The parties have submitted briefs and affidavits advocating their respective positions. From these pleadings and affidavits, the following general statement can be made regarding the transaction involved: George Hein contacted[3] the Shipp Implement Company regarding a recirculating sprayer that he was marketing for the Sprayrite Manufacturing Company, Inc. Following the original contact, negotiations ensued during which Mr. Hein travelled at least once to Russellville, Kentucky, to present a program relative to the implements. Further correspondence by letter and telephone[4] resulted in the sale of two spray croppers to defendant. These sales allegedly occurred on April 23, 1979, and on June 25, 1979. Shipp Implement Company has also placed subsequent orders for parts. Those transactions are not part of this lawsuit.

Defendant maintains that it has insufficient contacts with the State of Illinois to be subjected to this Court's extraterritorial service of process. Although this is a close case, the Court feels compelled to accept defendant's argument. The contacts which this defendant has and has had with the State of Illinois and George Hein are not of the quality or frequency which typically justify a finding of *in personam* jurisdiction. Mr. Hein initiated the transaction and travelled to Russellville, Kentucky, to pursue the sale. The uncontroverted affidavit asserts that all sprayers sold by George Hein to Shipp Implement Company were picked up by Shipp Implement Company at the Sprayrite Manufacturing Plant in West Helena, Arkansas. Mr. Shipp has further stated that to the best of his knowledge neither he nor any of his employees have ever been to Dongola, Illinois, to pick up any products with which Mr. Hein may be associated. The only other contacts that the defendant has had within the past four years with the State of Illinois consists of a single sale of farm equipment to an Illinois resident, and an occasional pick up of equipment manufactured by the John Deere Manufacturing Company in East Moline, Illinois.

The scope of long arm jurisdiction in Illinois has uniformly been limited to those causes of action arising from acts enumerated in § 17(1) of the Illinois Civil Practice Act. In addition, the mere fact that an out of state defendant has "transacted business" with an Illinois resident will not subject that out of state defendant to the jurisdiction of Illinois courts, if doing so would be inconsistent with due process. Whether forcing a foreign defendant to defend a lawsuit in Illinois offends due process standards may be determined by a number of tests, the most prominently used being a determination by the court that there has been "some act by which defendant purposefully avails itself of the privilege of conducting activities within the foreign state, thus invoking the benefits and protections of its laws." *Hanson v. Denck-*

---

**1.** Ill.Rev.Stat., ch. 110, § 17(1)(a), 1979.

**2.** The rule is articulated in *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *International Shoe Company v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed.2d 95 (1945).

**3.** Contact was apparently made by telephone with origin being unclear.

**4.** The affidavits establish that several phone calls were initiated by defendant and that the sale of one of the machines in this action was finalized by a telephone call from defendant to Mr. Hein.

*la*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958), *International Shoe Company v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 159, 90 L.Ed.2d 95 (1945).

In the instant case, it seems clear that the business transaction which spawned plaintiff's cause of action was initiated and pursued by Mr. Hein. The Shipp Implement Company's role was that of a solicitee, and the "purposeful availment" required by *Hanson v. Denckla, supra*, is lacking. Consequently, on the transaction complained of, extraterritorial service of summons on the Shipp Implement Company does not compel it to defend the lawsuit in this Court, and the action must be dismissed for lack of jurisdiction.

Plaintiff has also argued that the Shipp Implement Company has consented to the jurisdiction of this Court by making a "general" rather than "special" appearance. That distinction is now abolished in the federal courts and a defendant need no longer appear specially to attack the court's jurisdiction over him.

Accordingly, the Court hereby orders that defendant's Motion to Dismiss for Lack of Jurisdiction is GRANTED.

IT IS SO ORDERED.